## STRUNK v. SMITH *et al.*

Ordinarily, a clear and explicit written instrument supersedes all contemporaneous oral negotiations concerning the subject to which the same relates, and parol evidence is inadmissible to show that the parties intended that time should be of the essence of the contract.

(Opinion filed April 7, 1896.)

Appeal from circuit court, Minnehaha county. Hon. JOS. W. JONES, Judge.

Action by Peter Strunk against George M. Smith and James Smith, co-partners as George M. Smith & Co., and John Smith. Judgment for plaintiff. Defendants appeal. Affirmed.

The facts are stated in the opinion.

*Hosmer H. Keith,* for appellants.

Parol evidence is admissible to establish the terms of a sale, although a memorandum of sale has been given; and although the memorandum may be valid and conclusive so far as it goes, yet parol evidence may be used to show the rest of the agreement. Brigg v. Hilton, 99 N. Y. 517; Pilkins v. Whyland, 24 Id. 339; Perrine v. Cooley, 39 N. J. L. 449; Harris v. Johnson, 3 Cranch. 311; Chapin v. Dobson, 34 Am. Rep. 512, 78 N. Y. 74; Porter v. Hopkins, 25 Wend. 171; Batterman v. Pierce, 3 Hill 171; Juilliard v. Chaffee, 92 N. Y. 531. See also Flood v. Mitchell, 68 N. Y. 510; Thurston v. Arnold, 43 Iowa 43; Witbeck v. Waine, 16 N. Y. 538.

*Aikens, Bailey & Voorhees,* for respondent.

Time is not of the essence of the contract except by express stipulation of the parties. Washabaugh v. Hall, 4 S. D. 168; Black Hiss Nat. Bank v. Kellogg, Id. 312; Dean v. First Nat. Bank, 6 Dak. 222; Thompson v. McKee, 5 Dak. 172. See also Harmon v. Harmon, 51 Fed. 113; St. Vrain Stone Co. v. Denver, etc. R. R. Co., 32 Pac. 827; 1 Greenleaf Ev. § 305; Squires v. Amhurst, 145 Mass. 192; Hill v. R. R. 73 N. Y. 351; Leonard v. Dunton, 51 Ill. 482.

FULLER, J. Plaintiff instituted this action against the defendants to recover $700, alleged to be the unpaid balance of the agreed consideration for a certain quarter section of land sold and conveyed to the defendant John Smith on the 3d day of December, 1885. Upon findings of fact and conclusions of law prepared and submitted by Charles L. Brockway, Esq., to whom the case was referred, the court rendered judgment against the defendants George M. Smith and James Smith for for the full amount claimed, and therein directed the costs to be taxed against John Smith and his co-defendants jointly. From said judgment, and from an order overruling a motion for a new trial, the defendants appeal to this court.

Under a final receipt issued to him by the receiver of the United States land office, respondent was in the actual and undisturbed possession of the premises described in his warranty deed, executed and delivered to appellant John Smith, on the 3d day of December, 1885, by virtue of which said Smith went into the immediate possession thereof, which has ever since been enjoyed by himself and his grantee, without any interruption whatever. Of the $1,700 mentioned in said deed as the consideration therefor, $1,000 was at the time paid in cash to respondent, and the remaining $700 was deposited by appellant John Smith, to the credit of respondent, Strunk, in a bank owned by appellants George M. and James Smith, doing business in the firm name of George M. Smith & Co., upon the

conditions evidenced by the following written instrument, executed by said bank contemporaneously with the execution and delivery of the deed: "Egan, D. T., Dec. 3, 1885. Received of John Smith the sum of seven hundred dollars, deposited by him, payable to the order of Peter Strunk whenever the aforesaid Peter Strunk shall procure from the United States a patent for the following described land, to wit, * * * and the removal of all legal clouds to the title thereof; provided that George M. Smith & Co. can deliver this money to Peter Strunk at any time on the order of John Smith whenever Peter Strunk shall deliver a good and sufficient bond to be executed by Peter Strunk, and good and sufficient sureties, that will be acceptable to John Smith, conditioned that they will guaranty the aforesaid Peter Strunk to furnish John Smith with the patent to the aforesaid land from the United States, and that he will remove all legal clouds from the land aforesaid. * * * Said patent to be delivered to John Smith, and the legal clouds to be removed from the aforesaid land, on or before two years from the date of this receipt. George M. Smith & Co. In presence of R. Brennan." On the same day, and evidently in connection with the transaction, the bank entered into the following written agreement with respondent: "12, 3, '85. I agree to pay Peter Strunk, in case he should be legally entitled to the $700 deposited here between himself and John Smith on land sold, four per cent per annum if left three months, or six per cent per annum if left six months. George M. Smith & Co." The patent, which issued on the 3d day of August, 1891, was delivered by respondent to his grantee, Smith, as soon thereafter as said Smith could be induced to receive the same; and it is obvious that the title to said premises was by said instrument fully perfected. In support of his separate answer, and upon the theory that time was of the essence of the contract, appellant John Smith sought to introduce evidence tending to show that the agreement and negotiations for the purchase and sale of the land were oral, and in effect as fol-

lows:   Upon the execution and delivery of the deed, Smith was to pay $1,000 in cash, and deposit $700, to be paid in case the patent was obtained within two years and not otherwise; that it was the understanding between the parties that the land was being purchased for a son of said John Smith, and that, unless the title thereto could be perfected within two years, no improvements could be made thereon during that time, and the land would consequently be worth but $1,000; that on the same day, and pursuant to said oral agreement, the deed was executed and delivered, the $1,000 was paid to respondent, and the $700 was deposited in accordance with said arrangement between the parties; that, owing to respondent's failure to obtain the patent within the two years, the son for whom the land was purchased refused to take the same, and, as no improvements could be made thereon, said land was worth $700 less than it would have been had the title been perfected within the time specified.

Practically, all the testimony concerning the oral negotiations between the parties prior to the execution and delivery of the deed and other instruments in writing relating to the purchase and sale of the real property in question was excluded by the referee, and counsel for respondent frankly concede that a reversal must follow if such evidence ought to have been admitted.   It is not claimed that the written instruments failed to express the real intention of the parties, on account of fraud, mistake or accident, but appellants' counsel confidently maintains that all of the original oral agreement was not reduced to writing, and that the omitted recital thereof was that time should be the essence of the contract, and that $1,000 should be the entire purchase price in case the patent was not furnished within two years.   The delay in obtaining a patent was caused by a contest proceeding instituted against respondent some time after the execution of the foregoing written instruments, and which was not finally determined until August, 1891. While the writing designed to show the purpose for which the

deposit was made was not immediately delivered to respondent, it was executed solely for his benefit, to carry out the agreement between the parties, and with the exception of the claim that it was, prior to its execution, orally agreed that time should be the essence of the contract, it confessedly contains all the essential negotiations between the parties concerning the payment of the $700. Although its clear and concise recitals were for years familiar to all the parties bound thereby, no objection thereto was ever raised, until its enforcement was sought in the court below. Under the covenants of the deed, independently of the foregoing certificate and memorandum, this action to recover the balance of the purchase price could not be resisted by showing a defective title, unless it appeared that the possession or quiet enjoyment of Smith or his grantee had been in some manner disturbed. Price v. Hubbard (S. D.) 65 N. W. 436.

The title being clear, and the possession continuously peaceful, it is evident that testimony tending to show that Smith was damaged because the cloud was not removed earlier was properly rejected, and the decisive question in the case is whether, in view of the writtten instruments, parol evidence is admissible to prove an oral agreement that time should be the essence of the contract. By Sec. 3573 of the Compiled Laws, it has been declared that "time is never considered as of the essence of a contract unless by its terms expressly so provided"; and, as it cannot be claimed that any of the written instruments before us expressly so provide, such fact must be shown by parol, if at all. The above section which is in derogation of the common law, was taken from what is known as the Civil or David Dudley Field Code, prepared for the state of New York, and to which the commissioners affixed the following note: "This provision is new. As to the present law upon the subject, see Story, Eq. Jur. § 776. It involves so much difficulty that the commissioners deem it wise to adopt this more stringent rule." Civ. Code, p. 253. The terms, condition and purpose of the

deposit are clearly expressed in the written instrument by which the transaction was evidenced; and when considered, as it must be, with the deed and written agreement of the bank to pay respondent interest thereon, it is amply sufficient to show the clear intention of the parties, and to supersede all prior or contemporaneous oral negotiations concerning the subject to which such instruments relate. Comp. Laws, §§ 3545, 3553–3555, 3557. While it is in effect stated that the patent is to be furnished within two years from the date of the contract, there is nothing written to indicate that it was ever intended that respondent, in case of a failure in that particular, should forfeit $700 of the money for which he had sold his ,farm; and in our opinion, for reasons too obvious to mention, oral testimony was not admissible, under the rules of evidence or statutory provisions above cited, to show that time was of the essence of the contract. Washabaugh v. Hall, 4 S. D. 168, 56 N. W. 82. Our statute will neither allow time to be made of the essence of a contract by implication, nor permit an oral extrinsic showing that such was the intention of the parties to a written contract, the terms of which are expressed in clear and explicit language.

While the numerous assignments of error relied on by counsel for appellants have received merited attention, it is unnecessary to extend this opinion by a discussion thereof. The judgment is affirmed.