## HOBART v. FREDERIKSEN.

After considerable correspondence had passed between a vendor and .purchaser, in which the former expressed a desire to give only an option contract and the latter declined to accept such a contract but wished to make an ordinary contract of purchase, the purchaser wrote to the vendor as follows: "I wrote you on the 3d that I would take the land. * * * You wired that I could have it. The option contract that you enclose me is identical like the earnest money contract which I send you for your signature. * * * Inclosed find $50. Same to apply on the purchase, and the balance, $550, to be cash on or before 30 days." The vendor replied: "I have your favor * * * inclosing check for $50, being earnest money., * * * I sent you option contract yesterday, which kindly return and I will then execute it and return it to you." No formal contract was executed between the parties. *Held*, that the vendor's letter constituted an acceptance of the terms proposed in the purchaser's letter, and the two letters together constituted a contract for the sale of the property upon the payment of $50 in cash and the balance of $550 in 30 days, and did not, as consummated, constitute an option contract.

Where a contract for the sale of land upon the payment of a certain sum in cash and the balance within thirty days is not in the form of an option contract, and there is no specific agreement that time shall be of the essence thereof, the purchaser's failure to complete the contract within 30 days, because of the vendor's failure to perfect title within that time, does not deprive the purchaser of his right to enforce the contract after the expiration of the 30 days.

Where a contract for the sale of land requires the vendor to convey a perfect title, the purchaser is not obliged to accept the property so long as an outstanding mortgage remains unsatisfied of record.

(Opinion filed, Nov. 1, 1905.)

Appeal from Circuit Court, Clark County. Hon. JULIAN BENNET, Judge.

Action by M. P. Hobart against Ditlew M. Frederiksen. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Ditlew M. Frederiksen (C. G. Sherwood, of counsel)*, for appellant. *Irvin H. Myers,* for respondent.

CORSON, J. This was an action to enforce specific performance of a contract for the conveyance of a quarter section of land situated in Clark county. Findings and judgment being in favor of the plaintiff, the defendant has appealed.

The court in its findings of facts finds in effect that the defendant was the owner of the property; that on or about the 10th day

of October, 1901, the plaintiff and defendant entered into an agreement in writing wherein and whereby the said defendant agreed to sell and convey to the said plaintiff by deed of warranty the said premises for the sum of $600, of which the sum of $50 was to be paid the said defendant on the said 10th day of October as part of the purchase price thereof, and the balance of the sum of $550 to be paid in cash on or before 30 days from said day, or upon delivery to the said plaintiff by the said defendant of an abstract of title to said premises, completed to date, showing a title perfect in the said defendant free of all incumbrances; that said sum of $50 was paid to the defendant by the plaintiff on the aforesaid contract on October 10th; that on or about the 17th day of October it was agreed by and between the plaintiff and defendant that said $550, the balance due as the purchase price of said premises, might be paid to the National Bank of Commerce at the city of Minneapolis, and that the warranty deed and other title papers should be delivered to the plaintiff there at said bank; that on or about November 1, 1901, the defendant did forward to said bank his warranty deed of the said premises and patent for the tract of land, first mortgage against the said land, and the notes and coupons secured thereby, together with the release of said first mortgage, with directions to said bank to collect the said $550; that on the said 10th day of October, and also on the 1st day of November, there was of record in the office of the register of deeds in and for the county of Clark a certain second or commission mortgage, so called, for the sum of $71.25, which said mortgage appeared on the abstract of title of said premises unsatisfied of record; that on or about the 2d day of November, 1901, the aforesaid National Bank of Commerce notified the defendant by letter of that date that the plaintiff, Hobart, would take up the papers and pay the sum of $550 when title to said premises had been perfected by the defendant, and at other times the plaintiff notified the defendant that he was ready to make payment of said $550 whenever the said aforesaid second mortgage had been satisfied of record; that on or about November 9th the plaintiff deposited with the National Bank of Commerce aforesaid the full amount due the defendant as the balance of the purchase price

of said premises, to be paid over to the defendant upon the release of said second or commission mortgage of record; that on or about the 11th day of November, 1901, the National Bank of Commerce aforesaid returned to the said Frederiksen at his request all the title papers which had been deposited with the said bank by him; that on or about the 2nd day of December, 1901, the said defendant procured a release of the aforesaid commission mortgage and notified plaintiff of the same and demanded payment of the said sum of $550, on or before December 4th, at defendant's office in Chicago, Ill., and not at the National Bank of Commerce, of the said sum of $550, to be paid by the said defendant as the balance of the said purchase price of said premises; that defendant failed and neglected to procure the release of the said second or commission mortgage of record at any time prior to the 2d day of December, 1901, and such mortgage appeared of record against the said premises in the office of the register of deeds in and for Clark county aforesaid and until the time when the same was filed and recorded; that the defendant has failed, neglected, and refused to comply with the terms of the aforesaid contract on his part in this, that he failed, neglected, and refused to release of record the said second or commission mortgage and tender his deed of warranty of said premises at any time prior to the commencement of this action, and was in default at the commencement of this action; that on the 9th day of November, 1901, and at all times since that day, the plaintiff has been, and now is, ready, able, and willing to pay the defendant the said amount of $550, the balance due as purchase price of the said premises, and that the plaintiff brought into court the said sum of money, and the court concluded from these findings that the plaintiff is entitled to judgment against the defendant. Thereupon judgment was entered in favor of the plaintiff requiring the defendant to convey to him the said premises, and a motion for a new trial was made and denied.

The defendant contends that the findings of the court are not sustained by the evidence, and that there was in fact no valid or binding contract entered into between himself and the plaintiff that can be enforced in a court of equity. The alleged contract for the

conveyance of this land rests entirely in letters and telegrams pass-
ing between the plaintiff and the defendant. The plaintiff at the
time resided in Minneapolis, and the defendant in Chicago, Ill.
The correspondence between the parties resulting in what is claimed
to be a contract of sale by the plaintiff commenced on the 27th day
of September, 1901, at which time the defendant Frederiksen wrote
to the plaintiff the following letter: "Sept. 27th, 1901. Mr. M. P.
Hobart—Dear Sir: I own and have for sale [describing a quarter
section of land in Clark county] and would sell it at about $5.00 per
acre if I can sell it soon. If all cash can be had I would throw off
50c. an acre, and perhaps even a little more than that. Please let
me know if you can do anything with this soon, and oblige. Yours
very truly, [Signed] D. M. Frederiksen." To this Mr. Hobart replied
on September 28th, as follows: "Yours of the 27th inst. received
offering to sell the * * *." Can you deliver this land to me for
$500 spot cash? If so, wire me at my expense on receipt of this let-
ter. I would expect perfect title and abstract furnished compiled
down to date and warranty deed. While this land is somewhat roll-
ing and it is right in the hills, I believe I can use it. Yours very
truly, M. P. Hobart." A number of letters and telegrams passed
between the parties subsequently, and on October 9th Hobart wrote
to the defendant the following letter: "I wrote you on the 3d that
I would take the land. * * * You wired that I could have it. The
option contract that you inclose me is identical like the earnest
money contract which I send you for your signature. I have dis-
posed of the land. And showed my client your wire of aceptance.
Inclosed find $50. Same to apply on the purchase, and the balance
$550 to be cash on or before 30 days. Kindly send me the abstract
compiled to date, showing a perfect title. If the patent is not of
record, obtain one and place it on file. Now I will expect to hear
from you by first mail, as I have complicated myself in this matter.
Awaiting your reply, I am, Yours truly, M. P. Hobart." To this
the defendant replied on October 10th: "I have your favor of the
9th, inclosing check for $50, being earnest money. * * * I sent you
option contract yesterday, which kindly return and I will then ex-
ecute it and return it to you. I will send you the abstract of title

duly brought down to date as quickly as same is returned to me from Clark. The patent to this land is now on record in Clark county as will be shown by abstract. Very truly yours. [Signed] D. M. Frederiksen." No formal written contract seems to have been executed by the defendant.

It is contended by the plaintiff that these two letters constituted a contract of sale on the part of Frederiksen, which it is the duty of the court to enforce. It will be noticed that Hobart says: "I wrote you on the 3d that I would take the land. * * * You wired that I could have it. * * * Inclosed find $50. Same to apply on the purchase, and the balance, $550, to be cash on or before thirty days." It will be further noticed that in reply to this Frederiksen says: "I have your favor of the 9th, inclosing check for $50, being earnest money. * * * I sent you option contract yesterday, which kindly return and I will then execute it and return it to you. I will send you the abstract of title duly brought down to date as quickly as same is returned to me from Clark. The patent to this land is now on record in Clark county as will be shown by abstract." The plaintiff by his letter of October 9th states very clearly the terms of his proposition, and the defendant in his answer fully accepts the plaintiff's proposition by accepting the $50 and retaining it and informing the plaintiff that "I will forward abstract," etc. In the correspondence intervening between the letter first written by Frederiksen and the letter of October 9th Frederiksen had frequently referred to the fact that he only desired to give an option-contract, and that the plaintiff in his replies seems to have declined to accept an option contract, but desired to make an ordinary contract for the purchase of the property. The defendant by his letter of October 10th seems to have acceded to the terms of the plaintiff in his letter of the 9th, and tacitly at least seems to have waived the option contract. If the defendant had not intended to agree to the terms proposed by the plaintiff, he would have returned the $50 check and notified the plaintiff that he still insisted upon giving only an option contract. But failing to do this and retaining the $50 check and notifying the plaintiff that he would forward the abstract, subsequently agreeing with the plaintiff that the payment might be

made in Minneapolis, and that he would forward, and did in fact do so, all the papers to the National Bank of Commerce in that city, to be delivered to the plaintiff, clearly shows that he accepted the proposition of the plaintiff as understood by him, namely, to convey the property upon the payment of $50 in cash and the balance, $550, within 30 days. The contract not being an option contract as finally consummated and there being no specific agreement that time should be of the essence of the contract, the plaintiff's failure to complete the contract within 30 days by reason of the defendant's failure to perfect the title, did not deprive the plaintiff of his right to enforce the contract after the expiration of the 30 days.

We are of the opinion, therefore, that the trial court was right in finding that there was a contract between the plaintiff and defendant for the sale of this property, to the plaintiff upon the payment of $50, which was accepted, and his further agreement to pay $550 within 30 days thereafter. It further appears from the correspondence between the parties that the defendant was unable to furnish clear title, that there was a second mortgage for $71 on the property standing of record, and that at the expiration of 30 days the defendant had not furnished a satisfaction of this mortgage. At that time it was shown by the plaintiff that he had the $550 on deposit ready to pay the defendant as soon as the title could be made clear of record, and that the money remained on deposit for some time thereafter. The defendant in his correspondence shows an unwillingness to present a clear record title, claiming that the mortgage referred to was outlawed and was not a valid lien against the property. This mortgage remaining unsatisfied of record constituted a cloud upon the title, and the plaintiff was not under any obligations to accept the property until the apparent cloud was removed from the record. Godfrey v. Rosenthal, 17 S. D. 452, 97 N. W. 365. It is quite clear, therefore, that the plaintiff was ready and willing to comply with the terms of the contract on his part, but that the defendant neglected and refused, until December 4th, to perfect the title of record. In the meantime the plaintiff had commenced this action. Under the facts found by the court, which

seem to be fully sustained by the evidence, the court's conclusion of law that the plaintiff was entitled to judgment was right.

Numerous other errors are assigned, but as they were not discussed by the appellant in his brief, we do not deem it necessary to review them in this opinion. Practically the only question presented for our consideration and discussed in the brief was as to whether or not the court was right in finding that there was a contract entered into between the plaintiff and the defendant, as claimed by the plaintiff, that could be properly enforced in a court of equity, and in our view of the case the court was right in its conclusion that there was such a contract, and that the same was properly enforceable in a court of equity.

The judgment of the circuit court and order denying a new trial are affirmed.

FULLER, P. J., dissents.