### FREDERIKSEN v. WILCOX et al.

(Opinion filed, April 2, 1907)

Appeal from Circuit Court, Clark County. Hon. JULIAN BENNET, Judge.

Action by Ditlew M. Frederiksen against C. H. Wilcox and another. Judgment for defendants. Plaintiff appeals. Affirmed.

*Ditlew M. Frederiksen (C. G. Sherwood, of counsel)*, for appellant. *Irvin H. Meyers* and *C. D. Austin*, for respondents.

HANEY, J. It being conceded that the issues involved in this action are the same as in Hobart v. Frederiksen, 20 S. D. 248, 105 N. W. 168, the judgment and order appealed from herein are affirmed.

---

### POLK v. CARNEY.

A written contract, whereby one party was to cut the timber from a certain tract of land and deliver a certain amount thereof to the other party, was not acknowledged, and was evidently not intended for record. It contained none of the phrases usually found in real estate conveyances, nor any apt words expressive of an intention to convey a present interest in the property. **Held,** that the contract was not a transfer of a present interest in the realty, but a mere license to enter and cut the timber, which was revocable at any time by the subsequent sale of the land to another person.

(Opinion filed, May 29, 1907.)

Appeal from Circuit Court, Meade County. Hon. JOSEPH B. MOORE, Judge.

Action by Charles C. Polk against James E. Carney and others. From an order granting a new trial, plaintiff appeals. Affirmed.

*W. G. Rice, M. McMahon*, for appellant. *Charles W. Brown, Wesley A. Stuart*, and *Ivan W. Goodner*, for respondents.

HANEY, J. In affirming the order of the circuit court granting defendants' application for a new trial, this court decided that the contract under which plaintiff's assignor claimed title to certain standing timber constituted a nonassignable and revocable license, which had been revoked by a conveyance of the land upon which such timber was standing. Polk v. Carney, 17 S. D. 436, 97 N. W. 360. The plaintiff in his petition for a rehearing did not