## LEISCH v. BAER et al.

The purchaser's only remedy against a vendor having no title is a suit for damages for breach of contract.

Where the complaint is for both legal and equitable relief, as authorized by Code Civ. Proc. § 144, and the former alone is warranted by the facts alleged, the court should not dismiss the case according to the old practice, but should transfer it to the jury calendar if the rights of the parties demand it.

Where plaintiff, knowing that equitable relief is impossible by reason of defendant's want of title, joins in his complaint for damages for breach of contract a claim for specific performance, it is error to refuse defendant a trial by jury.

(Opinion filed, Nov. 17, 1909.)

Appeal from Circuit Court, Sanborn County. Hon. FRANK B. SMITH, Judge.

Action by Michael Leisch against B. Worth Baer and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

*J. E. Whiting,* for appellants. *S. A. Ramsey* and *T. H. Null,* for respondent.

McCOY, J. The plaintiff, by his complaint, among other things, alleged that the defendants engaged in the real estate business in September, 1902, and informed plaintiff that they were the owners in fee of a certain quarter section of land situated in Jerauld county, and that defendants at said time entered into an agreement with plaintiff, whereby they sold said premises to plaintiff for the sum of $1,000 in cash, and, upon the payment of said sum, defendants agreed to immediately make, execute, and deliver to plaintiff a good and sufficient warranty deed of said premises free and clear of all incumbrances; that, in pursuance of such agreement, the plaintiff on the 26th of September, 1902, paid to defendants the said sum of $1,000, that defendants have ever since failed and neglected to convey said premises to plaintiff by a good and sufficient warranty deed or otherwise, although often requested so to do; that plaintiff has also often requested and demanded that defendants return to him the said sum of $1,000, but that the defendants have always failed and neglected and refused to repay the same to plaintiff, and that there is now due to plaintiff from defendants by reason of the forgoing allegations the

sum of $1,000, with interest, for money had and receievd, no part of which has ever been repaid or returned to plaintiff. Wherefore plaintiff demands judgment (1) that said defendants be ordered and directed to give to plaintiff a good and sufficient title by waranty deed; (2) that in case title fails or if defendants failed to make the title to said premises plaintiff recover judgment against the defendants for the sum of $1,000 and interest and costs. The defendants answered, denying generally the said allegations of the complaint, and alleged affirmatively that at the time the said contract was made in relation to the sale of said land, and that at the time of the commencement of this action, the defendants did not own said lands, and had no interest or title therein, and which fact was well known to plaintiff. It appeared on the trial that although the plaintiff, at the time he entered into the contract, did not know that defendants had no title, he did know shortly thereafter, and long before the beginning of this action, that defendants had no title or interest in said premises, and that it was impossible for defendants to specifically perform said contract. On the call of the trial calendar, at the term for which the case was noticed for trial, defendants asked for and demanded a trial by jury, which application and demand was refused by the trial court, and to which ruling the defendants duly execepted. A trial was then had before the court without a jury, and findings and money judgment for $1,000 interest and costs made and entered in favor of plaintiff and against defendants.

The defendants bring the cause to this court on appeal, and urge that it was error to refuse defendants a trial by jury. The defendants contend that plaintiff knew before the commencement of this action that defendants had no title or interest in said land, and that it was not within their power to specifically perform said contract, and that, under such circumstances, the plaintiff's only remedy was an action at law to recover damages for breach of the contract, and that defendants could not be deprived of their right to trial by jury by joining in the complaint the allegations and claim for specific performance on the equity side of the court. We are of the opinion that defendants are right in this contention.

In Craigo v. Craigo 22 S. D. 417, 118 N. W. 712, and in Anderson v. Chilson, 8 S. D. 64, 65 N. W. 435, it has been held by this court that, where the trial court failed to find any ground for equitable relief existing between plaintiff and defendant, the court was not authorized to enter money judgment in favor of plaintiff and against defendant, as in the absence of such equitable grounds an action could only be maintained for money had and received, which would be purely an action at law, in which defendant would be entitled to a jury trial. In Morgan v. Bell, 3 Wash. St. 554, 28 Pac. 925, 16 L. R. A. 614, it is held that: "Equity will not take jurisdiction of a suit seeking specific performance of a contract or damages for its breach when to the knowledge of plaintiff at the time of the commencement of the action, and without fault of defendant specific performance could not be enforced and there is no other ground for equitable interference." This seems to have been a well-considered case on the proposition in question. In rendering the opinion the court says: "It seems to be well estabilshed by the authorities that the court will not do a useless thing or make a nugatory decree. It is plain that the court could not in this case decree a specific performance, and that the plaintiff knew that it could not when the action was brought. Then the question arises whether the jurisdiction of a court of equity can be so extended that it will entertain a case and give relief which is not incidental to the main relief sought, or auxiliary to the relief asked which gave the court jurisdiction of the case, or granted for the purpose of making such relief complete, but a purely independent relief; or, in other words, will a court of equity, in an action asking for an enforcement of specific performance as a basis of a complaint, award damages for the violation of the contract, when it conclusively appears that at the time of the commencement of the action specific performance could not be decreed, or shall plaintiff be relegated to his remedy at law for a violation of the contract? And this is a question the investigation of which is not coveted by this court, in view of the fact that the authorities are conflicting, and that many decisions have been made by the courts as to the class of cases in which this independent relief can be given. It is the

fundamental principle regulating the exercise of this equitable jurisdiction that, whenever the legal remedy of damages is sufficient, equity will not interfere, and the specific performance will be refused. Pom. Cont. § 47. We take it that the fair corollary to this proposition would be that, where the legal remedy of damages is all that can be decreed, equity will not exercise jurisdiction, and the original proposition applies more forcibly where the fact is determined that legal damages are all that is actually sought, and in this case the plaintiffs must have brought their action on the theory that a compensation in damages would furnish a complete and satisfactory remedy, for they knew that no other remedy could be decreed. . The presumption that the award of damages will not be adequate is the very foundation for the jurisdiction to decree specific performance; and it philosophically and logically follows that jurisdiction will not attach when the inadequate remedy is all that can be enforced. Any other construction renders inharmonious the operations of law, and confuses the principles upon which the jurisdiction is based."

Of course, there are some well-recognized and well-established exceptions to the foregoing rule, for instance, in a case when specific performance ought to have been and could have been decreed upon the state of facts existing when the suit was commenced, but cannot be decreed on the hearing of the case, because of some conduct on the part of defendant pending the suit whereby he has voluntarily disabled himself to make a conveyance; or where by reason of any other wrongful or fraudulent act of defendant which would be ground for equitable relief, rendering damages inadequate, or where plaintiff by reason of the conduct of defendant or by reason of other surrounding circumstances honestly and in good faith was warranted in believing that specific performance would be decreed on the trial, although mistaken in that belief; or in cases where there are special circumstances justifying the exercise of equity jurisdiction on account of inadequacy of damages, but for the purposes of the particular case are ineffectual from any reason, the courts have retained jurisdiction and rendered a judgment for money damages only, notwithstanding there was no equitable relief granted by such judgment.

Morgan v. Bell, supra; Pom. Contracts, 294; Waterman on Specific Performance, 515; Woodman v. Freeman, 25 Me. 533; 20 Ency. Pl. & Prac. p. 482. There is one case (Hall v. Delaplaine, 5 Wis. 206) that holds that under the Code practice, and under the provisions that abolish all destinction between law and equity courts, the rule in regard to the jurisdiction of the court to render money judgments in equity cases has been abolished, but that decision seems to be in direct conflict with the former decisions of this court in Craigo v. Craigo, supra, and Anderson v. Chilson, supra. It is clear that the plaintiff's cause of action in the case at bar is not within any of the exceptions to the rule allowing the court to retain jurisdiction and render judgment for damages for breach of contract. In this case the court had jurisdiction to decree specific performance, and no other special equities intervened that would affect this rule, and therefore the court was without jurisdiction to try the legal issue as to damages for breach of contract for the purposes of awarding damages. 20 Ency. Pl. & Prac. 483. It is clear and conclusive in this case that plaintiff knew at the time the action was commenced that the defendants had no title or interest in the property, and that it would be impossible to enforce specific performance. There is no allegation or evidence that the defendants knowingly and frauduently represented themselves to be the owners when as a matter of fact they knew they were not. No equitable relief was demanded other than specific performance.

Formerly it was the practice where the court rendered an unauthorized money judgment in an ostensible equity case that the action be dismissed and plaintiff relegated to the law side of the court to begin his action over anew; but, under our Code practice, we are of the opinion that the enforcement of such rule of practice is improper. Section 144, Code Civ. Proc. S. D., provides that plaintiff may unite in the same complaint several causes of action, whether legal or equitable or both, arising out of the same transaction. The court in the case of Sternburger v. McGovern, 56 N. Y. 12, in construing an identical statute, used this language: "But the Code authorizes the uniting of causes of action, both legal and equitable, arising out of the same

transaction, in one complaint. This shows that when the complaint states facts giving an equitable cause of action, and also a legal cause of action, arising out of the same transaction, the party is entitled to have both tried, if necessary to obtain his rights. That is this case. The complaint sets out the contract, and alleges a tender of performance by plaintiff and a breach by defendant, and demands judgment for $125,000 and other relief. True he demands equitable relief based upon the ground that he was entitled to a specific performance. He failed in showing a right to this. He then had a right to a trial of his claim for damages sustained by the breach. True, the mode of trial may be different. The former must be tried by the court or a referee. Either party has the right to a jury trial of the later. This creates no practical difficulty. The one issue may be tried by the court, and the other by a jury, if the ends of justice require the trial of both, or they may both be tried by the court if the parties so desire. The final judgment dismissing the complaint is reversed and a new trial ordered." To the same effect is the case of Goldthwait v. Lynch, 9 Utah 186, 33 Pac. 699, where it was held: "In an action for specific performance, where that relief cannot be granted, the court, instead of assessing the damages for defendant's alleged failure to offer a good title, should set the case for trial on the legal issues to a jury, not as advisory to the chancellor, but to render a conclusive verdict in the case. Under our Code, where we have but one form of action, we see no objection to thus transferring a case from one calendar to another whenever the rights of the parties demand it. It should have been done in this case, and the refusal to allow defendants a trial by jury is an error of such gravity as to require a reversal of the judgment and order appealed from. The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion." Also, see, Davison v. Associates, 71 N. Y. 333. In Bradley v. Aldrich, 40 N. Y. 504, the court construing the same statute, held that no facts constituting a legal cause of action were stated in the complaint, and, as plaintiff failed to prove an equitable cause of action, the complaint was properly dismissed. In the case at bar, while we are of the

opinion that the complaint fails to state an equitable cause of action in not directly alleging ownership in defendants, it does state a good legal cause of action for breach of contract, and the defendant was entitled to a jury trial as a matter of right of the issue presented by the legal cause of action alleged.

The judgment of the circuit court is reversed, and a new trial ordered in that court, and the cause remanded for further proceedings in conformity with this opinion.