NEUMEYER, Respondent, v. PALMER et al. (Palmer,

Appellant.)

(164 N. W. 1025.)

(File No. 4021. Opinion filed November 12, 1917. Rehearing denied December 31, 1917.)

1. Surveying—Interior Township Surveys—Survey Over Township Line, Authority—Instruction as to Whether Land Existed, Error In.

Where, after a federal exterior township survey over two adjacent townships covering' townships 104, ranges 65 and 66 had been made, interior surveys of such townships were made, that covering range 65 having' been first made, another surveyor having thereafter surveyed the interior of township range 66, in which latter survey the surveyor, instead of conforming his survey to the west line of township range 65, established a new township line between ranges 65 and 66, which new line was far to the east of the west line of township range 65 as laid out by the exterior surveyor, held, that, the interior surveyor of township range 66 having acted without authority to establish said new line as the east side of section 1 in the latter township, and it appearing from the evidence of the surveys that a strip of land properly designated "N. W. of 6" in the interior survey of township 104 range 65 lay between the west line of the latter township and said new line to eastward, therefore trial court erred in instructing jury that there was no such land as the "N. W. of 6;" there being no evidence of record that said interior surveyor of township 66 had any authority to disturb township lines, or that the federal government ratified and adopted his survey; and such survey by him upon township line of township 66 was invalid.

2. Surveying—Interior Township Survey—Land Exchange—Representation of Ownership and Acreage, Deceit In—Measure of Damages.

In a suit for damages alleged to have been suffered by plaintiff through deceit of defendants, in a transaction of exchange by him of a stock of goods for an alleged tract of land known as "N. W. of 6," defendants having represented to plaintiff that the land proposed to be conveyed was the above description and contained 204 acres, alleged to be worth $38. per acre, held, that, the tract of land in question being shown by the evidence of the exterior and subsequent interior surveys of townships 104 ranges 65 and 66 to be located eastward of and adjacent to the north half of the west line of section 6' by exterior survey and between that line and an erroneous new line to eastward established without authority by a subsequent interior surveyor of section 1 of township range 66, therefore plaintiff's measure of damages, if any, is based on the fact that defendant represented to him that he owned 204 acres and purported to convey that much by the wording of the deed purporting to convey said "N. W. of 6;" it further appearing that said tract was conveyed by government patent, under which through mesne conveyance defendant claimed title; and there being no evidence as to whether the government ever granted or patented the land described as

the N. E. of Sec. 1 Twp. 104, R. 66; since, if it had not pat-
ented by such description at time of patenting N. W. of 6,
Twp. 104, R. 65, then the grantee in patent to said N. W. of
6 received title to the tract designated by said description in
the authorized survey thereof.

Appeal from Circuit Court, Davison County. Hon. FRANK
B. SMITH, Judge.

Action by J. A. Neumeyer, against Ben. W. Palmer and
others, for damages for defendants' alleged deceit in a transac-
tion of exchange by plaintiff to, defendant of a stock of goods
for a tract of land; the action having been dismissed as to
defendant Laura May Palmer. From a judgment for plaintiff
against the other defendants, and from the judgment and an order
denying a new trial, such dismissed defendant appeals. Judgment
and order appealed from reversed.

*Spangler & Haney,* for Appellant.

*Fellows & Fellows,* for Respondent.

(1) To point one of the opinion, Respondent cited: Su-
preme Court in the case of Skeels v. Porter (Iowa) 145 N. W.
332.

(2) To point two of the opinion, Appellant cited: Civ. Code,
Sec. 2296.

WHITING, J. Action for damages alleged to have been
suffered through deceit of defendants. Action dismissed as to
defendant Laura May Palmer. Judgment for plaintiff against
the other defendant, and from the judgment, and an order deny-
ing a new trial, such defendant has appealed.

Plaintiff was the owner of a stock of merchandise. Defend-
ant claimed to be the owner of a tract of land described as lots
3, 4, and 5, and the S. E. ¼ of the N. W. ¼, of section 6,
township 104, range 65, Aurora county, S. D., which description
we will hereinafter refer to as the "N. W. of 6." It is the con-
tention of plaintiff that the defendant, well knowing that there
was no land that would answer the above description, willfully
and fraudulently represented that he owned such land; that he
took plaintiff onto a tract of land, the description of which is
the N. E. of 6, and willfully and fraudulently and with intent to
defraud plaintiff represented that the said land was the N. W. of
6; that, relying upon such representations, he assigned such stock

of goods to defendant and took in exchange a deed purporting to convey the said N. W. of 6; that said tract of land was represented to contain 204 acres; that the land shown plaintiff was of the value of $38 per acre; and that plaintiff was damaged in the full sum of $7,752, the value of 204 acres at $38 per acre, because defendant's deed did not convey any land whatsoever. The trial court instructed the jury that there was no such land as the 'N. W. of 6." Defendant assigns error in such instruction.

[1] To aid in an understanding of the facts revealed by the evidence herein, we attach a plat representing section 6, township 104, range 65, and section 1, township 104, range 66.

This plat conforms to the field notes of the surveyor who surveyed the interior of Tp. 104, R. 65.

B-L.—Original and correct township line between ranges 65 and 66.

D-N.—Township line as erroneously located.

P-D-I-Q.—N. E. ¼ Sec. 1, as per erroneous survey.

B-C-G-H.—That part of tract in both surveys which would be in N. W. ¼ 6 in correct survey.

B-E-O-L.—Dotted lines. Sec. 6, Tp. 104, R. 65, on correct survey.

A-D-N-K.—Solid lines. Sec. 1, Tp. 104, R. 66, on erroneous survey.

When the government survey was made, there was first a survey of the township lines. Three years thereafter the interior lines of these townships were surveyed. The interior survey of township 104, range 65, was first. Soon thereafter another surveyor surveyed the interior of township 104, range 66. There is nothing to show but that, in making the survey of the interior of township 104, range 65, the surveyor conformed his survey to the township lines as laid out by the township surveyor; but the other surveyor, instead of conforming his survey to the township lines as laid out, took it upon himself to establish a new township line between ranges 65 and 66. The township line, as laid out by this surveyor, along the east side of section 1, township 104, range 66, was located in his field notes along the line D-N. The township line, as located by the original survey, ran, according to the same field notes, on the line B-L; the distance between these two lines being practically one-third of a mile. Thus it will be seen that, according to the interior survey of section 6, such section would be bounded by the lines B-E-O-L; that the N. E. ¼ of such section 6 would be within the lines C-E-J-H, and the N. W. ¼ of section 6 would be within B-C-G-H; and, according to the interior survey of section 1, such section would be included within the lines A-D-N-K, the two surveys overlapping and containing within both the tract described as B-D-N-L. A glance at the plat will show that the tract B-C-H-G, a part of the territory included within both of such interior surveys and the tract that would be the N. W. of 6 in the survey of township 104, range 65, although about 52 chains in length north and south, comprises much less than a quarter section of land. The field notes of the interior survey of township 104, range 65, show that the N. W. of 6 was of the same length north and south as shown on this plat, but that it was nearly a half mile in width and contained 204 acres. It is therefore clear that there was an

error in the interior survey of township 104, range 65, or else that there was error on the part of the surveyor who surveyed the interior of township 104, range 66, in his location of the original township line, and that it must have lain farther west than the line B-L. But whether the tract B-C-H-G should comprise 204 acres, or considerably less than that amount, is immaterial so far as this appeal is concerned, though it might eventually be material, if defendant should be able to prove that he was the actual owner of the tract that, in the survey of the interior of township 104, range 65, was the N. W. of 6, and that it actually contains 204 acres.

The trial court was undoubtedly influenced in its instruction by the decision of the Iowa courts in Skeels v. Porter, 165 Iowa, 255, 145 N. W. 332, which was an action wherein there was a claim for damages arising from deceit alleged to have been practiced in an exchange of some Iowa land for the S. W. ¼ of section 6, township 104, range 65, Aurora county. The Iowa court apparently assumed—there being no evidence, so far as the record shows, to the contrary—that the surveyor, who disregarded the line B-L and located a new township line at D-N, had authority so to do. In its opinion it says:

"It plainly appears that the government had not subdivided, nor intended to subdivide, the western tier of sections [in township 104, range 65], but had caused the east half to be surveyed as quarter sections, and eliminated the west quarter sections by the correction of the township boundary."

[2] In that case there could have been no evidence of the interior survey of township 104, range 65, including the dividing of section 6. In the present case the evidence clearly established that the proper surveyors—to-wit, those whose duty it was to lay out the township line—did lay out a township line represented by B-L; that a surveyor afterwards surveyed the interior of township 104, range 65, surveying the same to such township line, and laying out a tract described as the N. W. of 6; and that this tract was afterwards conveyed by government patent, under which, through mesne conveyance, defendant claimed title. The evidence in this case further shows that the surveyor, who is sent by the government to survey the interior lines of a township, has no authority whatsoever to disturb the township lines. Therefore

the surveyor, who surveyed the interior of township 104, range 66, and located the township line at D-N, did so without authority, and his survey, in so far as it encroached upon township 104, range 65, was invalid. Under the facts stated in the Iowa case, the holding in Skeels v. Porter, supra, was clearly right, but such holding cannot be supported by the facts established in this case. Without some evidence that the government ratified and adopted the actions of this last surveyor, his survey cannot control as against the other survey. There is no evidence of such approval or adoption, and through the fact that the government saw fit to give a patent describing the land conveyed as the N. W. ¼ of section 6, township 104, range 65, we have evidence that the government never did reject the authorized survey. There is no evidence in this case as to whether or not the government has ever granted or given any patent to the N. E. ¼ of section 1, township 104, range 66. If it had not given such a patent at the time of giving the patent to the N. W. of 6, township 104, range 65, then certainly the grantee in the patent to the said N. W. of 6 received title to the tract designated as the N. W. of 6 in the authorized survey. We must therefore presume, for the purposes of this case, there being no evidence to the contrary, that the defendant is the owner of that tract of land bounded by the lines B-C-G-H, and that his conveyance to the plaintiff conveyed that tract.

We do not desire to be understood as expressing any opinion as to the present ownership nor the exact extent of this tract B-C-G-H. It is possible that some person, claiming under a patent to the N. E. ¼ of section 1, township 104, range 66, has long ere this acquired, if not through a grant from the government, at least through adverse possession and payment of taxes, a title thereto good as against the title claimed by defendant, and that the defendant, as a matter of fact, did not have, and well knew that he did not have, any title to the tract of land which he was purporting to convey. But these are facts which, if true, should have been shown by the plaintiff. His failure to show same may have been the result of his failure to recognize the clear distinction between the facts established in this case and the facts upon which the decision in Skeels v. Porter, supra, rested.

There was an instruction that directed the jury, if it found certain facts to be true, to predicate the damages plaintiff could recover on the amount of land in the N. E. of 6, township 104, range 65. We do not deem it necessary to discuss the theory that apparently controlled the mind of the trial court. It is perfectly clear that, if plaintiff is entitled to any damages, it is to damages based on the fact that defendant represented to him that he owned 204 acres of land and purported to convey that much by the wording of the deed he gave plaintiff.

The judgment and order appealed from are reversed.