THOMAS, Respondent, v. METTEL, Appellant.

(168 N. W. 651).

(File No. 4104.   Opinion filed July 22, 1918).

1.   Survey—Erroneous Government Survey—Minimized Township—
      Identity of Section, Conflicting Descriptions—Question of Fact
      Evidence of Identity, Rule of Decision.

      Where the identity of a quarter section arises in circumstances involving an erroneous survey resulting in a minimized township, the decision involves purely questions of fact; and it does not follow that the result should be the same in every case involving erroneous survey, but each case must be determined only in the light of evidence peculiar to that particular case. So held, where the west side of the township contained but half sections, and adverse holders of quarter sections claimed

different quarter sections under the same description, involving also a description which was impossible in that township.

2. **Survey—Minimized Township—Shortage, On Which Side? Conflicting Descriptions—Identity, Overwhelming Testimony, Field Notes, Surveyor's Calls, Government Mounds, as Determining Factors.**

In a suit to recover possession of realty, and to determine adverse claims thereto, plaintiff claiming under a description of SW¼ Sec. 29, defendant claiming by description SE¼ Sec. 30, and possession thereunder; the township being only 5½ miles east and west; it appearing from overwhelming evidence that the shortage is on the west side of the township; it further appearing that defendant made a government filing upon what was designated as SW¼ of Sec. 30 in said township and range; said evidence of shortage on the west side being overwhelming as shown by government field notes, surveyor's calls and every original government mound; held, that the land in question, claimed by plaintiff as the SW¼ of Sec. 29, is in fact the SW¼ of Sec. 29, and is not the SE¼ of Sec. 30, as claimed by defendant; there being no SW¼ of Sec. 30 in said township.

3. **Trials—Jury Trial—Quieting Title, As Equitable Action—Question of Possession, Effect re Trial.**

In a suit to quiet title and for possession of realty, defendant demanded jury trial, which was denied. **Held,** that the real gist of the action is equitable in nature, and the case was triable on the chancery side of the court; that the question of possession involved in the issue is merely incidental to the main issue as to ownership.

Appeal from Circuit Court, Aurora County. HON. FRANK B. SMITH, Judge.

Action by Harley Thomas, against Peter D. Mettel, for recovery of possession of realty and to quiet title thereto. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*T. J. Spangler,* for Appellant.

*Fellows & Fellows,* for Respondent.

(3) To point three of the opinion, Appellant cited:

Stock-Growers' Bank v. Newton, 22 Pac. 444; Harland v. Bankers' & M. Teleg. Co. 32 Fed. 305, Whitehead v. Entwhistel, 27 Fed. 778.

Respondent cited:

Byrne v. McKeachie, 29 S. D. 476; Casey v. Smith, 36 S. D. 36; Burleigh v. Hecht, 22 S. D. 301.

McCOY, J. Plaintiff, claiming to be the owner in fee of the southwest quarter of section 29, township 104, north of range 65, in Aurora county, brought this action for the recovery of the possession of said premises from defendant, to determine the adverse claims of the defendant, to have adjudged that the claim of defendant thereto is inferior and invalid as against the title of plaintiff, and that defendant and all persons claiming under him be forever enjoined and restrained from thereafter claiming or asserting any right, title, or interest in or to said lands adverse to plaintiff. The defendant by way of answer alleged that he is the owner and in the actual possession of the southeast quarter of section 30, township 104, north of range 65, in Aurora county, and that defendant and his grantors have had actual possession of said premises and have improved the same and paid the taxes thereon for more than ten years prior to the commencement of this action, and that said described premises, the said southeast of said section 30, is the identical land which plaintiff claims to be the owner of as the southwest of said section 29. From these pleadings it will be observed that the controversy between these parties is whether or not the said quarter section of land is in fact the southwest of 29 or the southeast of 30 in said township and range.

[1] By some error in the original survey thereof said township 104—65 is not 6 miles square. It is 6 miles north and south and about 5½ miles east and west. In Mason v. Braught, 33 S. D. 559, 146 N. W. 687, and Neumeyer v. Palmer, 39 S. D. 447, 164 N. W. 1025, the same error as to survey, was involved. The decisions in these cases involve purely questions of fact based on the evidence appearing in the record in each particular case, and it does not necessarily follow that the result should be the same in every case involving this erroneous survey, as each case must be determined only in the light of the evidence peculiar to that particular case. The following plat of township 104—65, based upon the original government survey, and evidence preserved in the record, will serve to illustrate the vital points in the controversy, the dots at section corners and along section lines representing original government mounds still existing, as shown by the evidence.

| 6 | 5 | 4 | 3 | 2 | 1 |
| 7 | 8 | 9 | 10 | 11 | 12 |
| 18 | 17 | 16 | 15 | 14 | 13 |
| 19 | 20 | 21 | 22 | 23 | 24 |
| 30 | 29 | 28 | 27 | 26 | 25 |
| 31 | 32 | 33 | 34 | 35 | 36 |

TOWNSHIP 104 — 65

TOWNSHIP LINE (left)   TOWNSHIP LINE (right)

35.86   40.12   40.17   91.63   81.89   65.23   81.72

37.40   79.60 chs.   80.13 chs.   79.89 chs.   80.06 chs.   79.81 chs.

MOONEY CORNER

[2] In the year 1888 the United States government, by patent, conveyed a quarter section of land in said township to one Caulum, as the southwest quarter of section 29, and by succeeding mesne conveyances the title so conveyed to Caulum became and now is vested in the respondent. In the year 1887 the United States government, by patent, conveyed a quarter section of land in said township to one Lenninger, as the southeast quarter of section 30, and by succeeding mesne conveyances the title so acquired by Lenninger became and now is vested in appellant. About 1903 appellant made a filing upon what was designated in the filing papers as the southwest quarter of section 30 in said township and range. By reference to the plat it will be observed that if we con-

sider the shortage to be on the west side of the said township then there never was any part of a southwest quarter of section 30 in said township, as the southeast quarter of said section 30 was only 35.86 chains wide, east and west, between section 29 and the north and south township line to the west, thus leaving section 29 intact, as appears by the plat. While, on the other hand, if we consider the shortage to be on the east side of the said township, then sections 1, 12, 13, 24, 25, and 36, are only about one-half mile wide, east and west, thereby moving all the section lines throughout the whole township one-half mile further eastward, and thereby making section 30 a full section with the southwest quarter of section 29, as it appears on the plat, the southeast quarter of section 30. The vital question then, to be determined in this case, is, on which side of the township is the shortage? The case of Mason v. Braught, supra, involved the location of the township corner common to townships 103—64, 103—65, 104—64, and 104—65, known as the "Mooney" corner and being the southeast corner of the township in question. That case involved the location of a certain quarter section of land in section 4—103—65, and it was therein contended that said township corner was one-half mile further east than appears on the foregoing plat. In that case, the same as in this, the overwhelming weight of the testimony showed the "Mooney" corner to be the southeast corner of the township at the point indicated on the plat. The overwhelming weight of the testimony in this case shows that the shortage exists in the row of sections on the west side of the township, and that there never was, as a matter of fact, any part of a southwest quarter of said section 30 in said township 104—65, and that the land in question claimed by respondent as the southwest quarter of section 29 is in reality and as a matter of fact the southwest quarter of section 29, and that the same is not the southeast quarter of section 30, as claimed by appellant. Every government field note, every surveyor's call, and every original government mound, many of which are still found remaining throughout the township, attest and bear witness of the correctness of this conclusion. The record in this case is quite voluminous, and it would be impracticable and would serve no useful purpose to include the testimony or a recital thereof in this decision.

One of the claims set up in the answer of appellant was that for more than ten years preceding the beginning of this action, he and his predecessors in interest had paid the taxes on the land in dispute while being in actual possession thereof. The testimony failed to show that appellant or his predecessors in interest had so paid said taxes.

[3] At the beginning of the trial the defendant demanded trial by jury, which was denied, such ruling of the court now being assigned as error. We are of the view that the real gist of this action is of an equitable nature properly triable on the equity or chancery side of the court, and that the question of possession involved in the issues is merely incidental to the main issue as to who actually has title to this particular parcel of land. Byrne v. McKeachie, 29 S. D. 476, 137 N. W. 343. All assignments of error have been considered.

Finding no error in the record, the order and judgment appealed from are affirmed.