Alden SKOGLUND and Delores Skoglund, Plaintiffs and Appellees,

v.

Vernnena STAAB, Defendant and Appellant.

No. 13261.

Supreme Court of South Dakota.

Considered On Briefs Aug. 11, 1981.

Decided Nov. 4, 1981.

E. Steeves Smith of Tinan, Padrnos, Smith & Saukerson, Mitchell, for plaintiffs and appellees.

Walford A. Eklund of Johnson, Johnson & Eklund, Gregory, for defendant and appellant; William J. Srstka, Jr. of Duncan, Olinger, Srstka, Lovald & Robbennolt, Pierre, on the brief.

MORGAN, Justice.

This case is before us for the third time. In the first instance, *Staab v. Skoglund*, 89 S.D. 470, 234 N.W.2d 45 (1975), Staab had brought an action to cancel a warranty deed. We affirmed in part, reversed in part and remanded with directions. The second time, in *Skoglund v. Staab*, 269 N.W.2d 401 (S.D.1978), Skoglund had brought an action for specific performance. We reversed and remanded. Thereafter, the parties proceeded to trial again and the trial judge, sitting without a jury, found for Skoglund, decreed specific performance and awarded $750 in attorney fees. Staab now appeals that judgment asserting as error the trial court's denial of Staab's request for jury trial and failure of the trial court to grant rescission of the executory contract. We affirm.

Since our first opinion details the facts of this case, we will not duplicate them here. The issues remanded and ensuing judgments, however, define the scope of the current appeal. On the first appeal, we held that Staab and Skoglund had entered an oral contract for the sale of land which the statute of frauds did not proscribe. *Staab v. Skoglund*, 234 N.W.2d at 51–52; *Skoglund v. Staab*, 269 N.W.2d at 402. Since Staab refused to perform this contract by delivering a deed, Skoglund brought an action for specific performance. The trial court refused Staab's proof in defense of this action and in support of her claim for rescission. The trial court's refusal was based on an erroneous reading of our first opinion. On the second appeal, we held that res judicata did not bar litigation of Staab's defenses and counterclaim. *Skoglund v. Staab*, 269 N.W.2d at 401–2.

Here, we are presented with two issues. First, whether the trial court improperly denied Staab's demand for jury trial where the pleadings raise both equitable and legal claims. Second, whether the court erred in not finding that time was of essence and rescinding the executory contract because Skoglund had failed to perform on the agreed upon date.

■ The right to a jury trial is guaranteed both litigants in Article VI, § 6 of the South Dakota Constitution and SDCL 15–6–38(a), (b). This right, however, does not exist in all civil cases. In cases where the pleadings seek equitable relief or the legal relief is incidental, a jury trial is a matter for the trial court's discretion. *Lounsberry v. Kelly*, 32 S.D. 160, 142 N.W. 180 (1913), on rehearing 143 N.W. 369 (1913); *Thomas v. Ryan*, 24 S.D. 71, 123 N.W. 68 (1909). Conversely, when the action is at law, either party has a right to a jury trial. *Thomas v. Mettel*, 41 S.D. 322, 168 N.W. 651, 652 (1918); *Purcell v. International Harvester Co.*, 37 S.D. 517, 159 N.W. 47 (1916). To determine whether the action arises at law or equity we look to the pleadings including the complaint, answer, cross-complaint and prayer for relief. *Arlt v. Langley*, 56 S.D. 79, 227 N.W. 469, 473 (1929).

Although in 1969 this case was commenced by Staab as a quiet title action, later Skoglund sought specific performance and expenses, including attorney fees, in defending his possession and right to title.

Without a doubt, an action for specific performance is equitable and Staab is not entitled to a jury trial. *Lounsberry v. Kelly*, 142 N.W. 180, on rehearing 143 N.W. at 369; *Leisch v. Baer*, 24 S.D. 184, 123 N.W. 719 (1909). Skoglund, however, also sought expenses based on SDCL 21–2–5 which permits the recovery of expenses incurred by a coventee in defending possession. This statute, however, expressly applies to the breach of covenants on the title. Since the first appeal voided the warranty deed held by Skoglund, SDCL 21–2–5 is inapposite. The same expenses, however, are available for breach of contract to convey land, SDCL 21–2–3, which is the substance of Skoglund's specific performance claim.

■ Even assuming the prayer for attorney fees and expenses is legal in nature, we must consider whether it is incidental to a primary equitable issue. See *Thomas v. Mettel*, 168 N.W. at 651. In *Thomas*, the court went beyond the pleadings to determine the right to a jury trial. See also *Leisch v. Baer*, 123 N.W. at 729. *Thomas* was a suit for ejectment where the court held, "the issue of possession is merely incidental to the main issue as to who actually has title to the land." *Ibid.* 168 N.W. at 651. There, the action was properly tried by the court. Here, Skoglund's claim for expenses depends entirely on the specific performance action. Absent his right to receive a warranty deed from Staab, he has no claim for expenses in defending his possession. Skoglund's complaint does not support Staab's right to trial before a jury.

■ Staab's answer asserts defenses of estoppel and laches and counterclaims seeking rescission, possession and damages for unlawful retention. Rescission is equitable if the complaint asks the court to order rescission of a contract. It is legal, if the court is asked to enforce a completed rescission. *Jones v. Bohn*, 311 N.W.2d 211 (S.D. 1981); *Purcell v. International Harvester Co.*, 159 N.W. at 48. Staab's counterclaim alleges, "[D]efendant is entitled to a decree of this court ordering a rescission of the contract for sale." Here, Staab's rescission claim is equitable since Staab did not allege

unilateral acts of rescission nor seek to enforce her acts of rescission. Rather, she asks the court to rescind the contract for sale under SDCL 21–12. Although the grounds for legal rescission, SDCL 53–11–2, are incorporated into SDCL 21–12–2, the procedures required for legal rescission do not affect Staab's claim for equitable rescission. *Main v. Professional and Business Men's Life Ins. Co.*, 80 S.D. 288, 122 N.W.2d 865, 867 (1963); *Sabbagh v. Professional & Business Men's Life Ins. Co.*, 79 S.D. 615, 116 N.W.2d 513 (1962). Staab was not entitled to a jury trial on her claim for rescission.

■ Staab's claim for possession is a legal action. *Peters v. Lohr*, 24 S.D. 605, 124 N.W. 853, 854 (1910). Unless it is incidental, it supports her claim for a jury trial. The action rests on Staab's ownership of the property from March 1, 1969, until the present. Her right to ownership depends entirely upon the outcome of the specific performance or rescission actions. If Staab prevails in either action, she will have had title for this period. Therefore, the claim for possession is incidental. Moreover, this case is essentially a confrontation over the terms and performance of a land sale contract, a situation precisely suited to an equitable action for specific performance or rescission.

■ Staab's counterclaim for rescission and defenses to Skoglund's specific performance action center on whether performance by November 28, 1967 was essential to the contract. In equity, it is presumed that the specified date is not essential unless the agreement expressly provides for it or it is implied from the parties' intent and object of the contract. *Limpus v. Armstrong*, 3 Mass.App. 19, 322 N.E.2d 187, 189 (1975); *Phillis v. Gross*, 32 S.D. 438, 143 N.W. 373, 378 (1913); *Western Town Site Co. v. Lamro Town Site Co., et al.*, 31 S.D. 47, 139 N.W. 777, 779 (1913); See *Binder v. General American Life Ins. Co.*, 66 S.D. 305, 282 N.W. 521, 523 (1938); But see *Strunk v. Smith*, 8 S.D. 407, 66 N.W. 926, 927 (1896). This presumption is also expressed in SDCL 53–10–3 which provides

**32**

that the contract must make time essential to performance before a court considers the specified date as essential. Here, the contract was oral but confirmed by later writings. Although Staab wrote to her attorney that time was essential, the record lacks a showing that Skoglund received similar admonitions. Since no express provision that time was essential exists, we look to the intent of the parties.

The issue of intent is factual. The trial court found, "[Staab] had failed to meet her burden of proof that time was of the essence . . . ." Where the trial court has resolved conflicts in the evidence, this court will not change those findings. SDCL 15–6–52(a); *Mulder v. Tague*, 85 S.D. 544, 186 N.W.2d 884 (1971). The findings must be clearly erroneous, contrary to a preponderance of the evidence, *Cunningham v. Yankton Clinic, P.A.*, 262 N.W.2d 508 (1978); *Potter v. Anderson*, 85 S.D. 142, 178 N.W.2d 743 (1970), except where the evidence is nonverbal. *National Surety Corporation v. Shoemaker*, 86 S.D. 302, 195 N.W.2d 134 (1972). Although here the parties reduced to writing a portion of their negotiations, most of the evidence was verbal. Since we find evidence in the record supporting the contentions of both parties, we defer to the trial court. Likewise, the trial court's finding that Skoglund performed within a reasonable time after November 28, 1967, is subject to the presumptions on appeal. Unless time is essential, a reasonable time is allowed to perform the conditions of a land sale contract. SDCL 53–10–2, 3; *Johnson v. Norfolk*, 76 S.D. 565, 82 N.W.2d 656 (1957); *Hanschka v. Vodopich*, 20 S.D. 551, 108 N.W. 28 (1906); *Hobart v. Frederiksen*, 20 S.D. 248, 105 N.W. 168 (1905).

We affirm the trial court's decree of specific performance and denial of Staab's demand for jury trial.

All the Justices concur.