## CUSTER COUNTY BANK V. CUSTER COUNTY.

1. An ordinary action against a county, and not mandamus, was the proper remedy to recover the amount due on county warrants, where the county denied its liability on the ground that a part of the warrants had been paid, and on the further ground that they were illegal and void, as having been issued in violation of constitutional provisions.

2. Laws 1895, p. 216, c. 178, which, in effect, transferred to a certain town all of a road district embraced within that town, did not preclude the county from afterwards levying a road tax on the portion of the road district not included within the town.

3. A finding that the allegations of the answer are not sustained is implied in a finding in favor of the plaintiff and against defendant on all the issues.

4. The findings of the trial court must be taken as true where the evidence upon which they are based is not before the Supreme Court.

5. Where the Legislature, by Laws 1895, p. 216, c. 178, transferred to a town all of that part of a road district embraced within the town, but made no provision for apportioning the indebtedness of the road district, the county, and not the town, was liable for the payment of road warrants issued by it prior to the passage of the act.

6. A judgment supported by the findings of the lower court will not be reversed unless the evidence is before the Supreme Court, and it can conclude therefrom that additional findings should have been made, and that upon such additional findings different conclusions of law and judgment should have been entered.

7. Findings which showed affirmatively plaintiff's right to recover, and which contained a general finding in favor of plaintiff and against defendant on all the issues, were sufficient as findings upon all the issues presented by the pleadings.

(Opinion filed July 13, 1904.)

Appeal from circuit court, Custer county; Hon. W. G. RICE, Judge.

Action by the Custer County Bank against the county of

Custer. From a judgment for plaintiff, defendant appeals. Affirmed.

*A. L. Sprague,* for appellant.

*Ed. L. Grantham,* for respondent.

CORSON, P. J.   This is an action to recover the amount of principal and interest claimed to be due upon certain road warrants issued by the county of Custer, aggregating about $2,200. Findings and judgment being in favor of the plaintiff, the defendant has appealed.

Between October 1, 1892, and the 18th day of February, 1895, Road District No. 6 in the county of Custer embraced the original town of Custer City, and between these dates the warrants in controversy were issued by the said county, payable out of the funds of said road district not otherwise appropriated. These warrants were presented for payment, and indorsed ''Not paid for want of funds," and are still outstanding, and held and owned by the plaintiff bank. On February 18, 1895, an act of the Legislature was passed, which, in effect, transferred to the town of Custer City all of said road district embraced within the said town, and since said time the trustees of said town have appropriated all the proceeds arising from the road taxes within said city for the improvement of the roads, highways, and streets of said town, and refused to appropriate any part of said proceeds for the payment of the warrants in controversy in this action. Laws 1895, p. 216, c. 178. At the time the warrants were issued the taxable property in said Road District No. 6 was about $300,000, and by the segregation property to the amount of about $225,000 was transferred to the control of the town of Custer City, leaving about

$75,000 remaining within the limits of the balance of said road district.   The complaint, after alleging the above facts quite fully, demands judgment against the defendant county for the amount claimed to be due upon said warrants.

The defendant, in its answer, denies especially that the county commissioners of said county have failed to make levies upon the property of Road District No. 6, and alleges that since 1892 they have levied ·and assessed a tax against the property of said road district to the limit provided by law, and have at all times done all in their power to raise sufficient funds wherewith to liquidate the indebtedness of the said road district.   The defendant denies that the amount sued for is due and owing to the plaintiff from said county and alleges the truth to be, upon information and belief, that a large part of the aforesaid warrants were paid and satisfied long prior to the commencement of this action, and that the property of said road district is not indebted in the sum mentioned in said complaint.   The "defendant further alleges that the amount of said warrants sued upon in the complaint of plaintiff is largely in excess of the constitutional limitation of the state of South Dakota, and that the issuing of the same was   *   *   * unauthorized by law for the reason that the same represent an indebtedness far in excess of five per centum of all the taxable property within the boundary lines of Road District No. 6. Therefore the aforesaid warrants are illegal and void."   And the defendant prays judgment dismissing the action. and that the warrants in controversy be delivered up and cancelled. The defendant made certain other denials and allegations, but, in the view we take of the case, they are clearly immaterial, and it is not necessary to set them out in this opinion.

The court finds, in substance, that the county duly issued the warrants described in the complaint; that each and all of the said warrants were presented to the county treasurer for payment, and were indorsed by him "Not paid for want of funds"; that the said warrants and each thereof were duly assigned to the plaintiff; that the county of Custer, in its proceedings, has denied the obligation of the warrants, and by its conduct has matured the cause of action sued on herein, and that each and all of the warrants are due, together with interest thereon; that said road district at the time of the issuance of the warrants was a regularly apportioned road district of said county, duly established by the county commissioners thereof; and "the court finds in favor of the plaintiff and against the defendant on all the issues of fact in the case." From these findings the court concludes that said warrants were wholly due and unpaid, except as shown by indorsements thereon; that there is due from Custer county to the plaintiff for principal and interest $2,232.02, for which the plaintiff is entitled to judgment, said judgment to be enforced against the county in the usual manner. Upon these findings and conclusions of law a judgment was rendered in favor of the plaintiff and against the defendant for the amount found due.

It is contended by the appellant that the complaint was drawn upon the theory and for the purpose of compelling the county commissioners of Custer county to levy an assessment upon all the property of the road district as it was originally constituted embracing the town of Custer City, and that the proceedings therefore should have been by mandamus, instead of an ordinary action against the county. But this is clearly untenable, for the reason that the defendant county denied its

liability upon the ground that a part of the warrants had been paid, and on the further ground that the warrants were illegal and void, as having been issued in violation of constitutional provisions. It was necessary, therefore, that the rights of the parties should be determined by a judgment of the court in an ordinary action, and not in the first instance by mandamus. Bailey v. Lawrence Co., 2. S. D. 533, 51 N. W. 331. In this case this court held: "To entitle a party to a writ of mandamus, he must have a clear legal right to have a service performed by the party to whom he seeks to have the writ directed. Mandamus will only issue to compel action when the right of the relator is clear."

It is further contended by the appellant that it was not within the power of the board of county commissioners of Custer county to levy an assessment for road purposes within the boundaries of the town of Custer City, as the control over such levy for such purpose was in the board of trustees of the said town, and hence the failure to pay the warrants was not the fault of the said county, and therefore the county cannot be held liable for its failure to pay the same. While it may be true that since 1895 the county has had no power to levy taxes for road purposes within the limits of the town of Custer City, it nevertheless had power to levy a road tax within the remaining portion of the said road district. But the court finds, in effect, as we have seen, that the allegations of the answer are not sustained, as it finds in favor of the plaintiff and against the defendant on all the issues, and the finding must be taken as true for the purposes of this decision, as the evidence upon which it was based is not before us. Under this finding, therefore, it must be regarded as established that the

defendant had not performed its duty in levying road taxes and appropriating the proceeds to the payment of the road warrants in controversy. And this view is strengthened by the fact that the defendant denies its liability upon the warrants on the ground that a part of them had been paid, and that they were illegal and void.

It is further contended by the appellant that the county is not liable for the reason that the larger portion of the original road district was by the act of 1895 transferred to the town of Custer City, and the control of the roads and duties pertaining to the levy of road taxes formerly exercised by the board of county commissioners were transferred to the trustees of the town of Custer City. But there is no merit in this contention. While the Legislature, by the act of 1895, in enacting sections 1535, 1536, of the Political Code, transferred a part of the road district to the control of the town trustees, it failed to make any provision for apportioning the indebtedness of the said road district. In such case the county which had issued the warrants remained liable for their payment, and the judgment against the county for the amount due upon the same was proper for the reason that the county still remained liable for their payment, and having denied its liability, could not protect itself under the decision of Stewart v. Custer Co., 14 S. D. 155, 84 N. W. 764. The case, however, should be ruled by Blackman v. City of Hot Springs, 14 S. D. 497, 85 N. W. 996, and Heffleman v. Pennington Co., 3 S. D. 162, 52 N. W. 851, in which this court held, in effect, that where the municipality denies its indebtedness or fails to make proper provision for the payment of warrants in the order in which they are issued an action can be maintained. The contention that by the

fact that a part of the territory of the original road district had been transferred to the town of Custer City the county was relieved of its liability is also untenable. A road district is not a corporation or a quasi corporation; but, even if it was, the law laid down in Livingston v. School District No. 7, 9 S. D. 102, 68 N. W. 167, would apply. In that case this court held: "Where. after a school district has issued bonds for the erection of a schoolhouse, part of its territory is made into new districts, under a general law which does not expressly provide that the new districts shall be liable for the porportionate share of the debts of the old school district, neither the old school district nor a creditor thereof can enforce against the new districts a liability on such bonds." It was competent for the Legislature, had it deemed it proper, to provide for apportioning the indebtedness of Road District No. 6 between the county and the town of Custer City, but, having failed to do so, the presumption is that it did not deem such a provision necessary. This question is so fully discussed in the case last cited that a further discussion is not necessary.

It is further contended that the court failed to make findings upon all the issues presented by the pleadings. It affirmatively appears that the findings made by the court were sufficient to support the judgment, and in such case, unless the evidence is before us, and the court can conclude therefrom that additional findings should have been made, and that upon such additional findings different conclusions of law and judgment should have been entered, the judgment entered will not be reversed. It will be observed that the court finds that the county issued the road warrants in controversy; that they were legal and valid warrants; that they had not been paid; that the

plaintiff was the owner of the same; and that the defendant denied its liability to pay the warrants, alleging that they had in part been paid, and were illegal and void. Under these findings the plaintiff was clearly entitled to recover. But the court further finds all the issues in favor of the plaintiff and against the defendant, thereby finding in effect, that the allegations in the defendant's answer were untrue. The findings, in our opinion, therefore, were sufficient as findings upon all the issues presented by the pleadings.

There are other questions presented in the brief of appellant, but, in the view we take of the case, they do not merit a separate discussion, though they have been fully considered by the court.

The judgment of the court below is affirmed.