## THOMAS v. RYAN et al.

An action to cancel a deed on the ground that it was procured by fraud invokes the equity powers of the court, and a party has no legal right to a jury trial.

The submission to a jury of issues of fact in an equity case is within the discretion of the trial court, and it may, at any stage of the case, withdraw it from the jury, and itself determine the issues.

A grantor, suing to cancel a deed on the ground that it was procured by fraud, has the burden of proving the fraudulent acts alleged.

Where, in a suit in equity, the court made and filed findings of fact and conclusions of law, to which no exceptions were taken, and there were no requests for findings on behalf of the defeated party, refused by the trial court, the question of the sufficiency of the evidence to sustain the findings was not presented for review.

Evidence held not to show that a deed of land in consideration of corporate stock was procured by fraudulent representations of the grantee as to the value of the stock.

(Opinion filed, Oct. 27, 1909.)

Appeal from Circuit Court, Spink County. Hon. CHAS. S. WHITING, Judge.

Action by Z. W. Thomas against J. W. Ryan and another. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*N. P. Bromley,* for appellant. *Bruell & Morris,* for respondents.

SMITH, J. Action to cancel a deed because of alleged false and fraudulent representations. A jury was impaneled to try the issues of fact. At the close of. plaintiff's evidence defendants moved for direction of a verdict on the ground that "plaintiff has failed to prove the existence or commission of any fraud," and for other reasons stated in the motion which we do not deem material to the consideration of the case. As stated in the record, the motion was granted and the action dismissed. No verdict is stated in the abstract, but the court made and filed findings of fact and conclusions of law, and entered a judgment dismissing the action with costs, all of which appears in the abstract. The ruling of the court upon the motion to direct a verdict is assigned as error. The action, however, invokes the equity powers of the

court, and the defendants have no legal right to demand a jury trial. The submission of issues of fact to the jury in equity cases is a matter wholly in the discretion of the trial court. The impaneling of the jury and submission of the evidence in no manner abridges this discretionary power, and the court at any stage of the trial may withdraw the case from the jury, and itself try and determine the issues involved. Such was the effect of the proceedings had on the trial in this case. Appellant presents four assignments of error. The second and third relate to the action of the court in withdrawing the case from the jury, and are fully disposed of by the above observations.

The facts, briefly stated, are as follows: The Ryan Implement & Hardware Company was a corporation dealing at wholesale and retail in hardware and agricultural implements, and having its chief place of business at Ft. Dodge, Iowa. The company had four branch houses. The defendant J. W. Ryan was general manager from the beginning of its business to the spring of 1905, a period of about five years. At that time one A. M. Felts was elected secretary and general manager and Ryan assistant manager. Ryan was the owner of certain stock in this corporation. The defendant A. E. Edwards was an employe of the company. In April, 1905, the defendant Edwards, at the request of Ryan, went to the plaintiff's office and asked plaintiff whether he had any land he would like to trade with J. W. Ryan for Ryan Implement and Hardware Company stock. Plaintiff told him he had land he might trade if the stock was all right; that he would think the matter over, and see him again. The plaintiff testifies as follows: "Mr. Edwards came back to me again, and I asked him more fully about the affairs of the company. He told me that Mr. Ryan could explain that to me better than anyone else, and sent me to Mr. Ryan. I went to Mr. Ryan to look what the standing of the company and value of the stock was. I went to their general office, and I told Mr. Ryan that Mr. Edwards had been talking to me about the exchange of some stock belonging to him to me for some land in South Dakota, and I would like to know the condition of the affairs of the company and the value of the stock. Mr. Ryan

said: 'There sits Mr. Felts at the table. He has the secretary's
books, and he has a statement there that I made last January at
the annual meeting. That shows the full condition of the com-
pany at that time, and it is a correct statement of the conditions.'
I went to Mr. Felts. He turned to the books and showed me the
annual statement made by Ryan that was presented to the stock-
holders at their annual meeting, as I was so informed. I looked
it over carefully, and had quite a conversation with Mr. Ryan.
They were in the same room. Mr. Felts figured it that the stock
was all right, and the business would be all right and prosper,
and that they were getting on a good foundation. I made a com-
putation of the value of the stock and cut it down some. Mr.
Felts engaged in this computation. Mr. Ryan was working on
books, I believe on another counter."

The findings of the court are, in effect, that the evidence
is insufficient to establish plaintiff's allegations of fraud. The
complaint charges as follows: "Third. Plaintiff alleges and
charges that he was induced to make said transfer and enter into
said transaction through fraud and misrepresentation made to plain-
tiff by both defendants knowingly, and for the sole purpose on
behalf of the defendants to cheat, wrong, and defraud the plain-
tiff out of his land. Fourth. That said fraud consisted of the
preparation of certain books of said corporation, causing said
books to show on the face thereof that the stock in said corpor-
ation was worth 87 cents, when as a matter of fact said stock
was absolutely worthless at the time of such transaction, and
the said defendants knew that said stock was of no value. Fifth.
That the plaintiff relied wholly on the statement of said books as
prepared by the defendants, and submitted by defendants to plain-
tiff, and was induced by what said books were made, by the
defendants, to show as to the value of said stock in making said
transfer of land and taking for the land stock, as defendants then
and there well knew, and plaintiff made said transfer, and said
defendants prepared said false statements of said books for the
sole purpose of inducing the plaintiff to rely thereon, and to
make said transfer; that said books were falsely and wrongfully
prepared by the defendants so that said books would falsely

and fraudulently represent to the plaintiff that said stock was worth 87 cents on the dollar, when in truth and in fact to the defendants' knowledge said stock was worthless."

The fraud charged by this complaint is, in substance, that defendants, for the purpose of inducing plaintiff to exchange his land for stock of the corporation, exhibited to plaintiff its "books, prepared by defendants so that said books would falsely and fraudulently represent to plaintiff that said stock was worth 87 cents, when in truth and in fact, to defendants' knowledge, said stock was absolutely worthless." These allegations of the complaint are specifically denied by the answer. The burden of proof was upon the plaintiff to prove the fraudulent acts which are alleged in the complaint. The books and records of the corporation referred to in the complaint were not offered in evidence upon the trial, nor is there in the abstract a single syllable of evidence to show that the books and records of the corporation were falsely made or kept. The plaintiff offered in evidence an annual statement of J. W. Ryan, as manager, to the directors of the corporation, of date January 2, 1905, but the evidence does not disclose that this evidence was false or fraudulent, or made to deceive the plaintiff. The trial court made and filed findings of fact and conclusions of law, and no exceptions thereto are disclosed by the record. No requests for findings were made on behalf of plaintiff, or refused by the trial court. Hence no question as to the sufficiency of the evidence is presented to this court for review. But, as the remaining assignments of error relate to the sufficiency of the evidence, we have considered it proper to refer to the evidence set out in the abstract, to point out the fact that such evidence wholly fails to sustain the allegations of fraud as the same are set out in the complaint.

The judgment and order of the trial court are affirmed.

WHITING, J., taking no part in the decision.