## WILSON v. WILSON.

While the court's findings are usually prepared by the prevailing party, it is wholly a matter for the trial court's discretion as to whether such party or the unsuccessful party prepares them.

Where appellant did not appeal from that part of the judgment which might have been affected by a finding, of the failure to make which he complains, the Supreme Court will not consider the failure to make such finding.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by James A. Wilson against Keturah Wilson, in which defendant filed a counterclaim. From a part of the judgment for her upon the counterclaim, defendant appeals. Affirmed.

*Wood & Edwards,* for appellant. *Boyd & Soule,* for respondent.

McCOY, J. Plaintiff brought this suit in the circuit court for the purpose of obtaining a divorce from defendant, alleging abandonment and cruel and inhuman treatment on the part of defendant. Defendant answered, denying the allegations of the complaint, and also, by way of counterclaim, alleging cruel and inhuman treatment on the part of plaintiff. Defendant did not demand a divorce from plaintiff in her answer, but demanded separate maintenance and that plaintiff's complaint be dismissed upon the merits. Upon the trial of the case the court found and rendered judgment that plaintiff was not entitled to a divorce, and also found and rendered judgment that the plaintiff pay to defendant the sum of $250 in full settlement for all claims of defendant upon plaintiff for means of support.

The defendant appeals from a portion only of said judgment: First, from that portion of the judgment decreeing that defend-

ant's interest in and to the Lawrence county land, being situated in section 1, township 2, range 5 east B. H. M., is determined to be according to the terms of a certain written deed made by plaintiff to defendant, bearing date September 11, 1900; and, second, from that part of the judgment decreeing that plaintiff pay to defendant the sum of $250 in full settlement and payment for the future separate support and maintenance of defendant during her lifetime.

Defendant has made many assignments of error, alleging insufficiency of the evidence to justify the findings of the court. It will serve no useful purpose to set out the evidence preserved in the record, but suffice to say that we are of the opinion that the findings of the trial court are in all things fully warranted and supported by the evidence.

Defendant makes some contention that the findings of fact adopted by the trial court were prepared by the plaintiff's attorney, and not by the attorneys for the defendant. While it is the usual practice for the prevailing party to prepare the findings, still we know of no arbitrary rule requiring the same, and it is a matter wholly within the discretion of the trial court as to which attorney shall prepare the findings.

Defendant also complains that no findings at all were made by the trial court upon certain issues; but, as the defendant has not appealed from that portion of the judgment which might be affected by the findings, the lack of which are complained of, there is nothing for this court to consider in relation thereto.

The judgment of the circuit court is affirmed.