LOUNSBERRY et al., Respondents, v. KELLY, Appellant.

(142 N. W. 180.)

1. **Appeals—General Finding—Request for Findings—Record—Review.**

   Where, in an action for specific performance of a contract to convey realty, the defense being fraud, a general verdict for plaintiff was adopted by trial court without objections by either party, no request for specific findings being made by either party, and no question being raised by appellant as to sufficiency of findings to sustain judgment, the Supreme Court will not consider the sufficiency of general finding.

2. **Trial—General Finding—Effect on Defense.**

   A general verdict for plaintiff, adopted as the court's finding, negatives the allegations of an affirmative defense.

3. **Necessity for Findings—Issue Not Appealed From.**

   Failure to make a finding upon an issue not appealed from, is not reversible error.

4. **Appeal—Abstract of Record—Instructions Not in Briefs—Errors Disregarded.**

   Failure to insert the instructions complained of in the statement of facts in appellant's brief, is sufficient to warrant the court in disregarding errors in instructions, since the court will not search through the original record to find specifications of error or grounds therefor.

5. **Equitable Action—Instructions—Harmless Error.**

   Under Code Civ. Proc., Sec. 244, permitting submission of an issue in an action for specific performance, to the jury, but requiring the court to assume final responsibility by making its own findings of fact and conclusions of law, the verdict of the jury is advisory only, and error cannot be predicated upon giving or refusal of instructions.

(Opinion filed June 24, 1913.    Rehearing denied October 23, 1913.)

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD, Judge.

Action by Samuel N. Lounsberry and another against E. J. Kelly, for specific performance of a contract to convey realty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Sherin & Sherin*, for Appellant.

*Case & Case*, for Respondents.

SMITH, J.     Appeal from the circuit court of Codington county. Action for specific performance of a written contract for conveyance of real estate.

[1] The answer alleges that the contract was procured by fraud and misrepresentation of the plaintiff. The issues of fact raised by the pleadings were submitted to a jury and a general verdict returned for plaintiff. The verdict of the jury was adopted by the trial court without objections to its sufficiency, and a decree entered awarding plaintiff the relief demanded. So far as the record discloses, neither party made request for findings of fact, nor is any question raised upon this appeal, either in the briefs of counsel or in the record, as to the sufficiency of the findings to sustain the judgment. No exception having been taken or question raised in the trial court, and no assignment of error having been made upon this appeal, this court will not consider the sufficiency of a general finding of fact upon all the issues.

[2] Such finding in favor of plaintiff necessarily negatives the allegations of an affirmative defense. Custer County Bank v. Custer County, 18 S. D. 274, 100 N. W. 424.

[3] Failure to make a finding upon an issue not appealed from is not reversible error. Wilson v. Wilson, 26 S. D. 182, 128 N. W. 120.

[4] Appellant's counsel in their brief say the only questions sought to be reviewed are questions of law on the court's instructions when submitting the issues of fact to the jury and in the refusal of instructions requested by appellant.

Statements are found at the conclusion of appellant's brief which may be deemed sufficient as assignments of error in this court, but none of the matters referred to in such assignments are found in the printed abstract or brief. Neither the instructions given by the court on its own motion and excepted to, nor the instructions requested by appellant and refused by the trial court,

11—Vol. 32, S. D.

are in the abstract or brief. This court is referred by the assignments of error to certain pages of the transcript, where the instructions referred to are said to be found, and to certain other pages where exceptions are to be found. The assignments also refer to certain other pages of the transcript upon which are said to be set forth specifications of error. Appellant's brief was filed on January 12, 1913. On January 17, 1912, this court handed down its decision in State v. Doran, 28 S. D. 486, 134 N. W. 53, in which it was held that everything necessary to an understanding of the error complained of should be printed in the brief or abstract, and that this court would not search through the original record to find specifications of error or the grounds thereof, which should be found in the statement of facts required in the brief. Since that case numerous other decisions have been made by this court reiterating and directing attention to the rule there announced. The failure to insert the instructions complained of, and those refused, in the statement of facts in appellant's brief would be sufficient alone, in any case, to warrant this court in disregarding errors in instructions.

[5] But, to the end that this appeal may be finally determined without the delay which might be incident to an application for leave to amend the statements in the brief as to the instructions complained of, it may be proper to direct attention to a rule which has been long settled in this court as well as in many other, and which must be held decisive of this appeal. This action is one within the equity jurisdiction of the court and is not governed by the procedure in actions at law triable by a jury, but is triable by the court alone. The Code of Civil Procedure, § 244, expressly permits the trial court in this class of cases to submit issues of fact to a jury in its discretion, but requires the trial court itself to assume final responsibility by making its findings of fact and conclusions of law in the action. The findings of the jury are deemed advisory only, and where special issues are submitted to a jury, error cannot be predicated upon the giving or refusal of instructions. Meyer Boot & Shoe Co .v. Shenkberg Co., 11 S. D. 620, 80 N. W. 126; Apland v. Pott, 16 S. D. 185, 92 N. W. 19; First National Bank v. McCarthy, 18 S. D. 218, 100 N. W. 14.

As the only error relied upon relates to instructions to the

jury, no reversible error appears in the record, and the judgment of the trial court is affirmed.