LOUNSBERRY et al., Respondents, v. KELLY, Appellant.

(143 N. W. 369.)

1. Trial—Jury—Right to Jury Trial—Specific Performance.

In an action for specific performance of a contract, plaintiff is not entitled to a jury trial as matter of right.

2. Same—Right to Jury Trial—Specific Performance, Answer Seeking Rescission.

The fact that, in an action for specific performance of a contract, the answer, after admitting the making of the contract, seeks a rescission thereof for fraud, the only defense interposed, does not entitle defendant to a jury trial, since such defense is of equitable cognizance.

Gates, J., taking no part in the decision.

(Opinion filed October 23, 1913.)

On petition for rehearing. Former opinion corrected, and rehearing denied.

For former opinion, see 142 N. W. 180, 32 S. D. 160.

*Sherin & Sherin,* for Appellant.

*Case & Case,* for Respondents.

SMITH, J. This case is before us upon petition for re-hearing. The former opinion is reported in Lounsberry v. Kelly, 32 S. D. 160, 142 N. W. 180. We are of the opinion the conclusion reached in that decision must be adhered to; but, in justice to appellant's counsel, deem it our duty to correct certain statements contained in the former opinion.

Upon the appeal, appellant's counsel sought to have reviewed certain instructions given by the court which were excepted to and the refusal of the trial court to give certain instructions requested by appellant's counsel at the trial. In that opinion this court said: "The failure to insert the instructions complained of and those refused in the statement of facts in appellant's brief would be sufficient alone, in any case, to warrant this court in disregarding errors in instructions."

Appellant's original brief was filed on January 12, 1913, and did not in fact contain the instructions complained of, but thereafter, on March 15, 1913, on application to the presiding judge, an order was entered without objections, from respondent's counsel, permitting appellant to file an additional brief containing the instructions complained of and omitted from the original brief.

[1] In the preparation of the decision, the supplemental brief was inadvertently overlooked, and appellant's counsel were apparently negligent in having overlooked the decision of this court in State v. Doran, 28 S. D. 486, 134 N. W. 53, which was handed down on January 17, 1912. The purpose of this opinion is to correct the apparent injustice done appellant's counsel by our former decision. That decision, however, did not turn wholly upon the assumed omission of instructions sought to be reviewed, but was founded mainly upon the proposition that the judgment and findings appealed from were in an equity action; that the verdict was merely advisory to the court; and that in an equity suit error could not be predicated upon alleged errors in instructions to a jury. In the petition for rehearing, appellant's counsel challenge the correctness of this holding. Appellant's

counsel insist that, "if from all the pleadings there was a question of fact to which the defendant is entitled to a jury, he cannot be deprived of it, and that in this case it was a question of fact that should properly be tried to a jury." The action was for specific performance of a contract, and, under all the former decisions of this court, is one in which plaintiff, in any event, is not entitled to a jury trial as a matter of right. Appellant's counsel cite the case of Gorthy v. Jarvis, 15 N. D. 509, 108 N. W. 39, which holds that "the defendant cannot be deprived of a jury trial in a proper case because the plaintiff has demanded equitable instead of legal relief." That decision has no application in this case.

[2] In the case at bar the answer is not set out in appellant's statement, except as follows: "Defendant and appellant in his answer admits the making of the contract, and sets up fraud on the part of plaintiff and respondent." The relief sought by defendant was a rescission of the contract sought to be enforced, on the ground of fraud. Such a defense is likewise of equitable cognizance, and is the only defense in the action. The defendant therefore was not entitled to demand a jury trial upon the issues of fact raised by his answer. It is perfectly clear therefore, that the decisions of this court referred to in the former opinion are decisive of this appeal.

The former opinion is reaffirmed, and the petition for a rehearing denied.

GATES, J., took no part in this decision.