**Merle HABERER, Florence Haberer, and Haberer Dairy & Farm Equipment, Inc., Virgil Scherr and Carney Haberer, Plaintiffs and Appellants,**

v.

**George J. RICE, Defendant and Appellee.**

**No. 17154.**

Supreme Court of South Dakota.

Argued Feb. 12, 1991.

Decided Oct. 16, 1991.

Rick Johnson of Johnson, Eklund & Abourezk, Gregory, for plaintiffs and appellants.

Rory King and Shelley Wieck of Siegel, Barnett & Schutz, Aberdeen, for defendant and appellee.

TSCHETTER, Circuit Judge.

Merle Haberer, Florence Haberer, and Haberer Dairy and Farm Equipment, Inc., Virgil Scherr, and Carney Haberer (Haberers) brought a legal malpractice action against attorney George Rice (Rice). Haberers' action was dismissed after trial to the court. We reverse and remand for a jury trial.

Haberers originally sued First Bank of South Dakota (NA) Aberdeen, South Dakota, (Bank) and Rice. The circuit court granted summary judgment to Bank on the ground that Haberers should have asserted their claim against Bank for allegedly breaching an agreement to lend money to Haberers as a compulsory counterclaim. We affirmed the circuit court's decision, held that a cause of action based on a breach of agreement to lend customers $150,000 was a counterclaim to Bank's original action for foreclosure which could not be separately pursued, and said "Neither the Haberers nor Rice served an answer or counterclaim to the cause of action set out in the complaint in the first action." *Haberer v. First Bank of South Dakota,* 429 N.W.2d 62, 64 (S.D.1988).

Following our decision on the compulsory counterclaim issue, Haberers amended their complaint against Rice. Haberers alleged legal malpractice by Rice and sought monetary damages for alleged negligent acts relating to Rice's handling of Haberers' legal affairs. These legal affairs had to do with Bank's loan commitment and the enforcement of Haberers' rights under that commitment as well as other matters relating to the general representation of Haberers in the start up of a manufacturing business. Rice filed an answer and the case was certified ready for jury trial. Rice did not object to the certificate of readiness and made no request that the trial court deny a jury trial.

At a hearing immediately prior to trial, the court, sua sponte, denied Haberers' demand for a jury trial on the premise that the underlying issues in the malpractice lawsuit were equitable in nature even though the lawsuit between Haberers and Rice was an action at law. The trial court, however, held that the underlying lawsuit *Haberer v. First Bank, supra,* was bottomed on a theory of promissory estoppel, sounded in equity, and necessitated a court trial. The trial court held that Haberers did not have a right to a jury trial under the provisions of S.D. Const. art. VI § 6.

### DID THE TRIAL COURT ERR IN STRIKING HABERERS' DEMAND FOR A JURY TRIAL IN THIS LEGAL MALPRACTICE CASE?

In their amended complaint against Rice, Haberers alleged that Bank, in bad faith, breached three separate agreements to advance funds. They alleged breach of contract, breach of fiduciary obligation and breach of covenant of good faith. These claims were much broader-based than Haberers' counterclaim against Bank solely premised on promissory estoppel, "a breach of contract action," *Haberer v. First Bank,* 429 N.W.2d at 64, 68, and were legal, not equitable issues.

Haberers were guaranteed the right to jury trial on the issue of Rice's negligence. *Rosebud Sioux Tribe v. Strain,* 432 N.W.2d 259, 264 (S.D.1988) states that "in a legal malpractice action where money damages are claimed there exists a legal issue entitling either party as a matter of right to a jury trial." Rice contends that Haberers conceded that the thrust of Haberers' underlying claim was equitable. The record discloses, however, that in a colloquy between the trial court and Haberers' counsel, counsel stated repeatedly that many other theories were asserted in the pleadings. A review of the pleadings demonstrates the accuracy of Haberers' position.

Many issues at law remain between Haberers and Bank and Haberers are entitled to an assessment of their validity by a properly instructed jury. "The right of trial by jury shall remain inviolate and shall extend to all cases at law without regard to the amount in controversy." S.D. Const. art. VI § 6. Rice contends that a jury trial is not a matter of right in view of the fact that jury trials are reserved for cases at law as distinguished from equitable matters. "Legal" aspects of the underlying cause override and outweigh the "equitable" aspects. The Minnesota case of *Olson v. Aretz,* 346 N.W.2d 178, 182 (Minn. App.1984) deals with the right to a jury trial. This case supports the proposition that "a trial court may not impair the right to a jury trial *even though an underlying action is an equitable one.*" (emphasis supplied). In *Olson,* the underlying action was a case for dissolution of marriage. After the trial of the action plaintiff sued his attorney for malpractice. The Minnesota Appellate Court held that jury trial was assured where "plaintiff's claim [was] for the recovery of money." The controlling provision in the Minnesota constitution is virtually identical to S.D. Const. art. VI § 6.[*]

After holding that the Haberers would not have prevailed against the Bank, the trial court decided the legal question of Rice's negligence. The trial court's findings of fact indicate that Rice was indeed negligent in a number of respects. The trial court concluded, however, that the Haberers could not recover on the underlying cause of action; the negligence of Rice was Damnum Absque Injuria (loss, hurt or harm without injury) and Rice's negligence had no compensable relevance. For reasons we set forth Haberers are entitled to a jury trial on the underlying actions in this

---

[*] *See* Minn. Const. art. 1 § 4:

The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy. A jury trial may be waived by the parties in all cases in the manner prescribed by law. The legislature may provide that the agreement of five-sixths of the jury in a civil action or proceeding, after not less than six hours' deliberation, is a sufficient verdict. The legislature may provide for the number of jurors in a civil action or proceeding, provided that a jury have at least six members.

matter as well as the legal malpractice claim and damages, if any, stemming therefrom.

The remaining errors cited are disposed of by our holding on the first issue.

Reversed and remanded for jury trial.

SABERS, J., and HERTZ, Acting J., and MEIERHENRY, Circuit Judge, concur.

HENDERSON, Acting C.J., specially concurs.

AMUNDSON, J., not having been a member of the court at the time this action was submitted did not participate.

TSCHETTER, Circuit Judge, for MILLER, C.J., disqualified.

MEIERHENRY, Circuit Judge, for WUEST, J., disqualified.

HENDERSON, Acting Chief Justice (specially concurring).

Although I agree with the result found in the majority opinion, namely that Appellants are entitled to a jury trial on their malpractice claim, I cannot agree with citing the *Olson* case in the Minnesota Appeals Court in 1984. Such a citation strips away stare decisis in *Skoglund v. Staab*, 312 N.W.2d 29, 30 (S.D.1981). We need not base this decision on Minnesota authority. This Court has, historically, taken a different posture:

> The right to a jury trial is guaranteed both litigants in Article VI, § 6 of the South Dakota Constitution and SDCL 15–6–38(a), (b). *This right, however, does not exist in all civil cases.* In cases where the pleadings seek equitable relief or where the legal relief is incidental, *a jury trial is a matter for the trial court's discretion. Skoglund v. Staab,* 312 N.W.2d 29 (S.D.1981); *citing, Lounsberry v. Kelly,* 32 S.D. 160, 142 N.W. 180 (1913) on rehearing 32 S.D. 456, 143 N.W. 369 (1913); *Thomas v. Ryan,* 24 S.D. 71, 123 N.W. 68 (1909). (Emphasis supplied mine).

The aforesaid quote is found in *Nizielski v. Twinnereim,* 453 N.W.2d 831, 832, 833 (S.D.1990), Henderson, J., author. We must not hurry our decisions through this Court, lest we be found wanting at the trough of knowledge, many years hence. Spontaneous and loyal support of our preconceptions or precedent in this Court should be examined with a certain degree of skepticism only; however, one cannot carry skepticism to a foolish degree. Doing so will bring about contempt or disapproval of our belief in question. Reason and growth for a better rationalization should be our appellate guideposts. With those remarks in mind, I call to your attention a March 6, 1991, decision in this Court: *First W. Bank, Sturgis v. Livestock Yards,* 466 N.W.2d 853 (S.D.1991). Therein, E.W. Hertz, Acting Justice, writing for a unanimous court, cited *Skoglund.* At page 856, it is noted that the author reviewed the law in the United States and cast a modifying effect on *Skoglund* but *Skoglund* was not entirely torn asunder. In *First W. Bank,* we stated:

> In examining the development of this rule, however, we note that the United States Supreme Court has abolished the requirement that a legal claim must not be incidental. In *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), the Court held that in view of the flexible procedures of the Federal Rules of Civil Procedure, the right to a jury trial of any legal issue raised by counterclaim in an equitable action cannot be denied, regardless of whether the legal issues presented are characterized as "incidental" to the equitable issues. *Id.* at 473, 82 S.Ct. at 897, 8 L.Ed.2d at 48. *See Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). As a result, the analysis of whether a party raising a counterclaim in an equity action is entitled to a jury trial depends only on the nature of the counterclaim. If the relief sought is equitable, the decision of whether to empanel an advisory jury is wholly within the trial court's discretion. *Nizielski,* at 833. If, however, the counterclaim seeks legal relief, the party raising a legal claim is entitled to a jury trial as a matter of right. *Dairy Queen,* 369 U.S. at 473, 82 S.Ct. at 897, 8 L.Ed.2d at

48; *United Transp. Union Local 74 v. Consolidated Rail Corp.*, 881 F.2d 282, 286 (6th Cir.1989), *vacated and remanded on other grounds*, 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990). Our previous decisions imposing the additional requirement that the legal relief not be incidental are modified to the extent that they are inconsistent with this opinion.

*First W. Bank, supra*, at 856.

Our scope of review is: Did the trial court abuse its discretion? Not based upon Minnesota law, but based upon South Dakota law which I have cited in this special writing, I concur, holding as a Justice of one, that the trial court abused its discretion. The latter is the proper scope of review herein, not a decision from our sister state of Minnesota.

Furthermore, this writer dissented in the *Rosebud Sioux Tribe* case in 1988 insisting that Attorney Strain was entitled to a jury trial where he was sued for $1,500,000 damages. This Court refused to give the lawyer a jury trial [**] and it is ironic that this same Court now constitutionally posits S.D. Const. art. VI § 6, granting a jury trial for a lay person suing a lawyer. Badger Clark, South Dakota's departed, great poet laureate, often wrote about the wind. Peter, Paul and Mary also sang about the wind. Yes, the answer, my friend, is blowing in the wind.

[**] This Court upheld a refusal of the lower court to give him a jury trial. I vigorously asserted, inter alia, that lawyers were people, too, and were entitled to jury trials.